SUCESIÓN ROSICH, DEMANDANTE Y APELADA, *v.* LLORENS ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Ponce, en pleito sobre cobro de dinero.

No. 1436.—Resuelto en diciembre 19, 1916.

COBRO DE DINERO—HEREDEROS—PARTICIÓN DE HERENCIA—ACCIÓN POR LOS HEREDEROS ANTES DE HACERSE LA PARTICIÓN—DUEÑOS PROINDIVISOS.—Los herederos debidamente declarados y como sucesores del difunto pueden establecer conjuntamente una acción para el cobro de un crédito de la herencia aun cuando no se hubiere hecho la partición de los bienes, pues se consideran presuntivamente dueños del mismo.

ID.—HEREDEROS—RESPONSABILIDAD DE LOS HEREDEROS—DERECHOS DEL DEUDOR.— Cuando todos los herederos se unen en una acción y cobran un crédito de la herencia quedan responsables proindiviso para con los acreedores. El derecho de los deudores en este caso queda salvo con el pago a los herederos.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Llorens & Canales.*

La apelada no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En la demanda que ha sido sometida a la consideración de este tribunal se alegó sustancialmente que en la partición de bienes que tuvo lugar con motivo del divorcio de Antonio

Rosich y su esposa Oliva Colón, correspondió al primero una participación de $755, y a su esposa otra de $405, y se supone que ambas participaciones forman un pagaré de $1,100, suscrito originalmente por Luis Llorens, y otros, que son los demandados, a favor de dicho Antonio Rosich. Antonio Rosich falleció. Su viuda y sus tres hijos fueron debidamente declarados sus herederos, quienes han establecido esta acción en cobro de la referida suma de $1,100 y sus intereses. Los demandados formularon excepción previa a la demanda que fué declarada sin lugar. Presentaron éstos su contestación y establecieron una reconvención a la demanda. Se celebró el juicio de dicho caso y la corte dictó sentencia a favor de los demandantes. El único error que se alega en apelación es el haber sido declarada sin lugar la excepción previa, siendo el fundamento específico de ésta que la demanda no dice quién es ahora el verdadero dueño de dicho crédito de $755. Alegan los apelantes que en la demanda no se expresa a quién fué adjudicado el referido crédito, si a la viuda, a uno de los hijos, o a un acreedor. La demanda en lo que respecta al particular dice lo siguiente:

"Que en la partición de bienes que tuvo lugar con motivo del divorcio de Antonio Rosich y su esposa Oliva Colón, correspondió a ésta una participación de $405 en ese crédito y al señor Rosich el restante de $755. Más tarde falleció el señor Rosich, en 22 de diciembre de 1913, dejando por únicos herederos a su viuda Oliva Colón, y a sus hijos Margarita, Julio Félix y Clara Rosich y Colón, según consta en el auto dictado por esta corte de distrito en 29 de enero de 1914, perteneciendo por tanto, a los mismos *pro indiviso* aquella parte del crédito referido."

Creemos que los herederos son presuntivamente los dueños *pro indiviso* como se alega en la demanda. Los apelantes no están en lo cierto al alegar que este tribunal ha resuelto que es solamente la partición de bienes lo que da el dominio sobre la propiedad del difunto a los herederos. Todo lo que esta corte ha decidido es que antes de establecerse una acción reivindicatoria de determinado bien inmueble, el demandante

tiene que estar en posesión del título de dicho bien en particular, pues de no ser así no podría ser ejecutada la sentencia.   Pero un caso distinto se presenta cuando todos los herederos se unen en una acción.   Los herederos representan al difunto, a quien suceden, y si cobran una cantidad por virtud de una acción son responsables *pro indiviso* para con cualquier acreedor.   De manera que los deudores tienen su derecho a salvo pagando a los herederos que han sido declarados debidamente como tales y la demanda no puede propiamente ser atacada por ese fundamento.   La sentencia debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.